C. B. BURDINE, Appellant,

v.

Lon EVANS, Sheriff, et al., Appellees.

No. 16586.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 11, 1964.

Whiteside & Baker, Fort Worth, (no brief filed in Court of Civil Appeals by appellant), for appellant.

Simon & Simon and Sheldon Anisman, Fort Worth, for appellee Trinity Universal Ins. Co. (No brief filed by any other appellee).

MASSEY, Chief Justice.

This is an appeal from an order refusing the application of appellant C. B. Burdine for a temporary injunction.

Appellee Trinity Universal Insurance Company had obtained a final judgment against one L. C. Johnson in a former suit, and pursuant thereto appellee Lon Evans, Sheriff of Tarrant County, had levied upon certain realty and posted notice of his intent to sell it to satisfy such judgment. Appellant claimed that the property in question belonged to him and not Johnson and sued for the purpose of having the threatened adverse action enjoined.

Following a hearing before the trial court, judgment was rendered dissolving the temporary restraining order previously issued and denying temporary injunction.

An appeal was taken from such action on the part of the trial court in accordance with provisions of subsections (a) and (b), Texas Rules of Civil Procedure 385, "Appeals From Interlocutory Orders".

One appellee moved that we dismiss the appeal for failure on the part of appellant to file any brief in compliance with T.R.C.P. 414, "Briefs: Time for Filing, Etc." and T.R.C.P. 415, "Briefs: Dismissal for Failure to File". We overrule the motion. Under the provisions of subsection (d), T.R.C.P. 385, "Appeals From Interlocutory Orders", the cause in the Court of Civil Appeals may be heard on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the trial court, no brief being required.

In view of the condition of the record before us, i. e., without a brief or assignment of error filed and made by or in behalf of the appellant, our duty is limited to determining whether, according to the bill and answer and such affidavits and evidence, if any, as may have been admitted by the trial judge, the order was improper. Hotel & Restaurant E. I. A. & B. I. League v. Longley, 160 S.W.2d 124 (Eastland Civ. App., 1942, no writ hist.).

Upon consideration of that which is our duty to consider as the record in this case, it does not appear to us (at least not clearly and certainly so, which we understand to be the proper test) that the order denying the temporary injunction was not proper.

Judgment is affirmed.